■ JAMES CAMACHO, Appellant, v EGOR EDELMAN, Doing Business as 14 REALTY Co., Respondent.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered June 18, 1990, which granted defendant's motion for summary judgment dismissing the complaint, and judgment of the same

court and Justice, entered thereon on July 31, 1990, unanimously affirmed, without costs.

While a guest in an apartment in defendant-landlord's building, plaintiff was stabbed by the tenant's former boyfriend, who had gained access to the apartment through an alleged malfunctioning building entrance door, and then by kicking in the double locked and metal reinforced apartment door. The only evidence of any prior criminal activity in the building was a statement by plaintiff that the superintendent's wife had informed him of two burglaries six months prior to the assault on plaintiff. The court granted defendant's motion for summary judgment dismissing the complaint on the grounds that the alleged negligence was not a proximate cause of the injuries.

A landlord is not held to a duty to take protective measures unless there is a foreseeable risk of harm resulting from criminal activities of third persons on the premises (*Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507). Where, as here, there is little evidence of criminal activity in the building, there are insufficient facts to base a finding of foreseeability (*See, Iannelli v Powers,* 114 AD2d 157, *lv denied* 68 NY2d 604). Moreover, the criminal act of the tenant's former lover was not a foreseeable event. (*See, Tarter v Schildkraut,* 151 AD2d 414, 415, *lv denied* 74 NY2d 616.) Concur—Carro, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.