■ Miroslav M. Todorovich et al., Respondents, v Columbia University, Appellant. [665 NYS2d 77] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about July 8, 1996, which, upon reargument, denied defendant's previously granted motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

At the time of the incident from which this lawsuit arises, plaintiffs were residents of 410 Riverside Drive, a building owned and operated by defendant Columbia University. While plaintiffs were away on vacation, a tenant in their building was attacked on a public sidewalk in the building's vicinity and robbed of her house keys and identification. When advised of this theft, defendant landlord changed the lock on the inner entrance door to the building, alerted residents to obtain new keys and for several days posted a special security guard at the door after the regular doorman's shift ended in the early morning hours. As it happened, plaintiffs, whose whereabouts and return date were unknown to defendant, arrived home from their vacation at approximately 2:30 A.M. on a day subsequent to the discontinuance of the special security guard. In the interval during which they attempted to gain access to the building, lengthened as it was by their lack of a key to the new lock, plaintiffs were attacked in the building vestibule by an armed assailant who injured them and took their property. Plaintiffs thereafter commenced this lawsuit alleging in essence that the landlord had breached its duty of care to them as tenants by changing the front door lock without notifying them or providing them a new key and that this breach was a proximate cause of the harm they had suffered. We believe that defendant's motion for summary judgment dismissing plaintiffs' complaint ought, under the circumstances of this case, to have been granted.

While it is well established that a landlord has a duty to exercise reasonable care to maintain his property in safe condi-

tion (*Kush v City of Buffalo*, 59 NY2d 26, 29-30; *Basso v Miller*, 40 NY2d 233) and that one aspect of this duty obligates a landlord to take minimal precautions to protect those upon the premises from the criminal acts of third parties (*Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519; *Miller v State of New York*, 62 NY2d 506, 513; *Iannelli v Powers*, 114 AD2d 157, 161, *lv denied* 68 NY2d 604), it is equally well established that a landlord is not an insurer and, accordingly, that a landlord's duty to offer protection against criminality on his or her premises arises only when the risk of such criminality is foreseeable (*Nallan v Helmsley-Spear, Inc., supra,* at 519). Foreseeability in this context has generally been equated with the degree to which a landlord has been apprised of the incidence of criminality within a particular building under his or her proprietorship (*supra*). Thus, where "there is little evidence of criminal activity in the building, there are insufficient facts to base a finding of foreseeability" (*Camacho v Edelman*, 176 AD2d 453, 454, citing *Iannelli v Powers, supra*).

Here, there was no relevant history of criminal activity in the subject building, 410 Riverside Drive, prior to the vestibule attack upon plaintiffs. Plaintiffs do not dispute this circumstance but maintain that the harm they suffered was nonetheless foreseeable by reason of the fact that the neighborhood in which the subject building was situated was generally known as one in which crimes occurred with some frequency. A landlord, however, has neither the capacity nor the duty to protect against neighborhood crime as such. It is only insofar as ambient crime has demonstrably infiltrated a landlord's premises or insofar as the landlord is otherwise on notice of a serious risk of such infiltration that his duty to provide protection against the acts of criminal intruders may be said to arise. While notice of the risks posed by criminal intruders may on occasion be said to arise by reason of a landlord's patent failure to take even the most minimal security precautions to preserve its premises from unusually pervasive ambient crime (*see, Jacqueline S. v City of New York*, 81 NY2d 288, 295 ["given the (Housing) Authority's conceded failure to supply even the most rudimentary security—e.g., locks for the entrances—it was error to grant summary judgment on the question of foreseeability of danger from a violent crime (citation omitted)"]), it is more frequently the case that the failure is not so egregious nor the neighborhood crime so pronounced as to render the mere combination of the two tantamount to notice of the risk of criminal encroachment. Thus, for example, in *Levine v Fifth Hous. Co.* (242 AD2d 564), a case in which it was alleged that the landlord's failure to maintain a front door lock

had rendered the plaintiff vulnerable to the local criminal element while she attempted unsuccessfully to extract her key from the faulty lock, the court dismissed the complaint, noting that "the plaintiffs' assertion that their landlord had notice of the 'ambient criminal threat present in Flushing, New York' was patently insufficient to raise a triable issue of fact as to whether the assault was foreseeable". And, similarly, in *Rozhik v 1600 Ocean Parkway Assocs.* (208 AD2d 913, 914, *lv denied* 85 NY2d 807), the Court held that plaintiff's submissions which only tended "to establish that there had been prior incidents of criminal activity in the Brooklyn neighborhood surrounding the defendants' building" and which "made only cursory reference to prior criminal acts on the premises over which the defendants exercised control * * * were * * * patently insufficient to raise a triable issue of fact as to whether the defendants had such notice of prior criminal activity so as to make the assault * * * foreseeable [citations omitted]" (*accord, Mendez v 441 Ocean Ave. Assocs.*, 234 AD2d 524 ["The plaintiffs failed to establish that the defendants had notice of prior criminal activity in the building so as to make the present crime foreseeable (citations omitted). The plaintiffs' proof of prior criminal activity in the neighborhood surrounding the defendants' building was patently insufficient to raise a triable issue of fact"]).

We think it clear that this case does not belong to the former, exceptional category in which the abject failure of a landlord to take the most rudimentary precautions against otherwise virtually inevitable criminal encroachment may be fairly said to render criminality upon the landlord's premises foreseeable. Defendant's building had an enviable security record* and it is undisputed that plaintiffs' harm was not attributable to some gaping deficiency in one of the building's basic security systems. This being the case, we think that the foreseeability of criminal predation upon the premises was legally contingent upon actual notice to the landlord of prior incidents in which ambient crime had infiltrated the building. As there was no record of any such prior incident, much less notice thereof to defendant landlord, it follows that harm of the sort suffered by the plaintiffs was not legally foreseeable by the defendant and, accordingly, that liability for that harm may not be imposed upon the defendant. Concur—Murphy, P. J., Rosenberger, Wallach, Nardelli and Mazzarelli, JJ.

---

* Indeed, within three weeks of the incident involving the plaintiffs the defendant's building was the subject of an extensive security survey by a Police Crime Prevention Officer from the 26th precinct. The building received the highest rating.