■ SCOTT P. KAMPF, Respondent, v BANK OF NEW YORK, Defendant, and LAWN CARE OF HAMPTON BAYS, INC., Appellant. [687 NYS2d 348] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered April 28, 1998, which denied as untimely the motion by defendant Lawn Care of Hampton Bays for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed as against said defendant. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

Any party to an action may move for summary judgment within 120 days after note of issue is filed, unless the court has set a shorter deadline of not less than 30 days (CPLR 3212 [a]). The motion court initially called, in May 1997, for note of issue to be filed not later than October 30, and dispositive motions to be made not later than November 30. After the case was erroneously removed from the calendar, the error was corrected

and the case was restored on November 12, with the deadline for filing note of issue extended to November 17. Note of issue was actually filed on November 13, and defendant Lawn Care's motion for summary judgment was thereafter noticed on January 29, 1998. The application, described by the court as having been made "three months after a note of issue was filed", was denied in light of the court's having "set a deadline of 30 days" for such motions.

The fact that the initial conference order had set dates certain (for filing note of issue and making dispositive motions) that were 31 days apart did not mean that the court had permanently reduced the interval to 30 days. Once the case was restored to the calendar with a new date certain for filing note of issue, without any reference to a new deadline for dispositive motions, the appropriate deadline reverted to that set forth in the CPLR (viz., 120 days). Lawn Care's motion for such relief, 77 days later, was thus timely, and should have been decided on the merits (*see*, *Rodriguez v Presbyterian Hosp.*, 259 AD2d 310).

Plaintiff parked his car at a 7-Eleven convenience store adjacent to the defendant bank's premises in Hampton Bays. After stopping at the convenience store to purchase two cups of hot coffee, he then carried one cup in each hand as he made his way on foot to the bank. Rather than using the paved sidewalk connecting the two properties along Montauk Highway, he took a shortcut along a well-worn grassy pathway between the premises. Plaintiff testified at deposition that the pathway was covered with 10 to 12 inches of snow. After emerging "four steps" into the bank's parking lot, still carrying the two cups of coffee, plaintiff slipped on a patch of ice he had not seen, and fell, suffering injury.

The bank premises had recently been cleared of snow by defendant Lawn Care. Snow had fallen in amounts of 8 to 12 inches on both January 7 and 8, and less than a half inch had fallen as recently as January 12. Lawn Care performed snow removal on five dates during that period, most recently on January 13, one day after the last snowfall and fully three days prior to the accident. Plaintiff acknowledged that there was no snow in the parking lot, except in the "back corner."

Plaintiff's theory of recovery is not cognizable at law. Lawn Care was under a limited contractual duty for "Snow Removal" from the bank's sidewalk, driveway and parking area. This was not a "comprehensive and exclusive" maintenance agreement (*Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588) that obligated Lawn Care to monitor the entire property

under all conditions, which might have included eliminating ice subsequently formed from snowbank melt-off. Indeed, the bank manager testified that a shovel and salt pellets were kept on premises for such conditions.

Lawn Care's contractual duty was fulfilled when it removed the snow that had fallen. Any continuing maintenance was the obligation of the premises owner. Plaintiff was not a third-party beneficiary under the snow-removal contract (*see, Keshavarz v Murphy*, 242 AD2d 680; *Phillips v Young Men's Christian Assn.*, 215 AD2d 825). Concur—Williams, J. P., Tom, Wallach and Mazzarelli, JJ.