■ ELI ROBERTS, Respondent, v JAM REALTY COMPANY et al., Appellants. (And a Third-Party Action.) [688 NYS2d 69] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered September 18, 1998, which denied defendants' motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

This action arises out of the burglary of several apartments in a building located at 230 East 25th Street in the City and County of New York. Plaintiff is the tenant of apartment 3D. Defendant Jam Realty Company is the owner of the building, and the individual defendants are its partners (collectively, the landlord). Because of a December 1993 fire that severely damaged the subject premises, gas and electrical power services were discontinued. As a result, the building was the subject of a vacate order and plaintiff, whose apartment was not damaged, removed from the premises, allegedly leaving valuable possessions behind. While the building remained unoccupied, a party or parties unknown gained access to several apartments by removing the security gates and breaking windows abutting a fire escape. Plaintiff's apartment was burglarized along with three others, designated 4D, 5D and 6F.

The original complaint asserted that defendants had been negligent in the hiring and supervision of the employees who performed the renovation work at the subject building. In response to defendants' motion to dismiss this claim for lack of any supporting evidence, plaintiff sought and was granted leave to amend his complaint. In connection with that application, plaintiff averred that defendants "cannot claim prejudice because there are no new facts being alleged". The amended complaint seeks damages of $1,000,000 for the loss of personal property on the ground that defendants failed "to exercise reasonable and ordinary care to safeguard his personal property kept in his apartment" during performance of the renovation work.

It is uncontested that previous criminal activity in the subject building while under defendant's control was minimal, at the very worst. Although plaintiff asserted that a number of burglaries had occurred at the premises prior to the commencement of his tenancy in July 1978, he provided no evidence of

any criminal activity subsequent to defendant Jam Realty Company's acquisition of the building in January 1995. Plaintiff concedes that, just prior to the time of the fire, the building was a safe place to live. Nevertheless, it is plaintiff's contention that, due to the unique circumstances of this case, it is unnecessary to establish the occurrence of prior criminal conduct at the premises to hold defendants liable for his loss of property.

The owner's duty to prevent unauthorized access by criminals is ancillary to the general obligation to maintain premises in a safe condition. As this Court stated in *Todorovich v Columbia Univ.* (245 AD2d 45, 45-46, *lv denied* 92 NY2d 805): "While it is well established that a landlord has a duty to exercise reasonable care to maintain his property in safe condition (*Kush v City of Buffalo*, 59 NY2d 26, 29-30; *Basso v Miller*, 40 NY2d 233) and that one aspect of this duty obligates a landlord to take minimal precautions to protect those upon the premises from the criminal acts of third parties (*Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519; *Miller v State of New York*, 62 NY2d 506, 513; *Iannelli v Powers*, 114 AD2d 157, 161, *lv denied* 68 NY2d 604), it is equally well established that a landlord is not an insurer and, accordingly, that a landlord's duty to offer protection against criminality on his or her premises arises only when the risk of such criminality is foreseeable (*Nallan v Helmsley-Spear, Inc., supra*, at 519)." As stated by the Court of Appeals, "the landlord remains subject to the common-law duty to take minimal precautions to protect tenants from foreseeable harm" (*Jacqueline S. v City of New York*, 81 NY2d 288, 293-294). As part of the obligation to keep the premises in reasonably safe condition, "a landlord has a duty to maintain minimal security measures, related to a specific building itself, in the face of foreseeable criminal intrusion upon tenants" (*Miller v State of New York*, 62 NY2d 506, 513, *supra* [rape of student]). While the duty is not lessened because the building is vacant (*see, Beauchamp v New York City Hous. Auth.*, 12 NY2d 400 [fall from open window in vacant house]), plaintiff cites no authority to support his theory that the landlord's duty is expanded by a forced vacancy.

In order to defeat a summary judgment motion, it is incumbent upon a plaintiff to establish, by competent evidence, the existence of a triable issue of fact. The record demonstrates that the landlord took reasonable precautions to maintain the property, including locking the front door, making sure each individual apartment was locked, instructing the tenants to take all valuables with them upon vacating the building, and

directing the superintendent to inspect the premises daily. The record indicates that the intruder forced entry to the burglarized apartments from the fire escape, gaining access in each case by breaking the security gate and entering through the window. Other than the security gate protecting the window, it is difficult to perceive what steps Jam Realty might have taken to prevent an intruder from gaining access to the premises from the fire escape. "Where, as here, there is little evidence of criminal activity in the building, there are insufficient facts to base a finding of foreseeability" (*Camacho v Edelman*, 176 AD2d 453, 454). To hold the landlord liable for the removal of property from a locked apartment would be to cast him as an insurer of the tenant's personalty in derogation of the well-established rule (*see, Nallan v Helmsley-Spear, Inc., supra*, at 519).

Having asserted that the amended complaint is based on similar facts to the original complaint, there is no merit to plaintiff's claim that the summary judgment motion was premature because additional discovery is necessary on the issue of negligent security. Concur—Nardelli, J. P., Wallach, Lerner and Rubin, JJ.