■ DONNA ANZALONE et al., Respondents, v PAN-AM EQUITIES et al., Appellants, et al., Defendant. [706 NYS2d 409] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered January 22, 1999, which denied as untimely defendants-appellants' motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

As she returned home carrying bags of groceries, Ms. Anzalone was assaulted outside her third-floor apartment by an intruder who pushed her inside, beat her, and then fled. The intruder was captured and subdued inside the building, and was later tried and convicted. The injured plaintiff had entered the building without incident and had walked up the two flights of stairs to her floor, without noticing anyone else along the way. She first noticed and was accosted by the intruder as she unlocked the door to her own apartment.

This personal injury action was brought against plaintiffs' landlord and agents for negligence in maintaining inadequate

security. The IAS Court declined to address the merits of defendants' summary judgment motion because of its purported untimeliness.

CPLR 3212 (a) provides that a summary judgment motion may be made within 120 days after the filing of a note of issue, unless the court has shortened that deadline to a date no less than 30 days after the filing. In its preliminary conference order of December 1997, the IAS Court fixed specific dates for filing note of issue (June 30, 1998) and for dispositive motions (July 30, 1998). Those dates were rendered irrelevant when that order was superseded by a compliance conference order in June 1998, calling for completion of depositions by July 30, independent medical examination of Ms. Anzalone by August 21, and the filing of note of issue by September 11. That later order made no mention of any deadline for dispositive motions. In fact, neither order gave any blanket ruling that a dispositive motion would have to be made within a specified period after filing a note of issue. Once the case was restored to the discovery calendar with a new schedule for filing the note of issue, and with no reference to a new deadline for dispositive motions, the appropriate deadline reverted to the 120 days set forth in the CPLR (*Kampf v Bank of N. Y.*, 259 AD2d 439, 440, *lv dismissed* 94 NY2d 849). Plaintiffs filed their note of issue on September 10, 1998. Defendants' motion in December of that year was thus timely.

As to the merits, there is no admissible evidence creating an issue of fact that the criminal incident was foreseeable, or that Ms. Anzalone's injury was proximately caused by defendants' negligence. Plaintiffs were initially dissuaded by the IAS Court from offering such evidence, upon advice that defendants' summary judgment motion was going to be decided on procedural grounds. But plaintiffs did thereafter present their evidence in response to defendants' motion for reargument of their summary judgment motion. That evidence took the form of new allegations, in plaintiffs' responding affidavits, that the lock on the outer door to the building's vestibule was malfunctioning. Ms. Anzalone had earlier testified at her deposition that the inner door, leading to the lobby, had been out of order for a few weeks, but that she had used her key to open the outer door and distinctly recalled hearing it "click" shut behind her as she entered the building.

A landlord's duty to protect against criminal intruders arises only when ambient crime has demonstrably infiltrated the premises, or when the landlord is otherwise on notice as to the serious risk of such infiltration; such notice arises only when a

landlord fails to take minimal security precautions against unusually pervasive conditions of crime (*Todorovich v Columbia Univ.*, 245 AD2d 45, 46, *lv denied* 92 NY2d 805). Here, there was no evidence of ambient criminality in the building or the neighborhood. Furthermore, while the inner door lock did remain nonfunctional for a period of a few weeks, one locked set of doors was sufficient to discharge defendants' duty of security (*Tarter v Schildkraut*, 151 AD2d 414, *lv denied* 74 NY2d 616), especially when coupled with a functioning intercom system outside the door whose lock was operational. Under the circumstances, defendants were under no duty to provide additional protective measures (*Mason v Carlisle Realty Corp.*, 236 AD2d 226). Concur—Nardelli, J. P., Williams, Ellerin, Wallach and Saxe, JJ.