■ Louis Fichera et al., Appellants, v 25-26 East Owners Corp. et al., Respondents. [717 NYS2d 63] —Order, Supreme Court, New York County (Paula Omansky, J.), entered July 28, 1999, which, in an action to recover for losses sustained in a burglary allegedly caused by inadequate building security, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Absent evidence of any criminal history in plaintiffs' storefront owned and leased by defendants, or in adjoining storefronts, or even in the immediate neighborhood, defendants' duty to provide minimal security against crime was discharged, as a matter of law, through the provision of locked doors to the line of storefronts (*see, Anzalone v Pan-Am Equities*, 271 AD2d 307, 309; *cf., Todorovich v Columbia Univ.*, 245 AD2d 45, *lv denied* 92 NY2d 805). We would also note our concurrence with the motion court's rationale that, assuming a causal relationship between the burglary and the failure of the proprietor of a nearby storefront to lock the pull-down gate in front of his store on the day of the burglary, and assuming further that defendants had notice that the proprietor would be permanently vacating his store on the day of the burglary, it remains that defendants had no reason to believe that the proprietor would vacate his store without locking the gate, or other rea-

son for perceiving an enhanced risk of crime requiring their immediate inspection of the storefront in question for security vulnerabilities. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Andrias, JJ.