(June 5, 2003)

■ ROGER PETERSON, Respondent, v FORDHAM UNIVERSITY, Appellant, et al., Defendants. [761 NYS2d 33] —Order, Supreme Court, Bronx County (Dianne Renwick, J.), entered on or about April 9, 2002, denying defendant Fordham's motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Fordham University, dismissing the complaint as against it.

Plaintiff, a Fordham senior, was injured when he was hit in the eye during an altercation in a dormitory room, apparently involving two groups of students, and also apparently involving some degree of alcohol consumption. Apparently, security was called just prior to the incident as tempers became frayed, and responded about 10 minutes after the incident. However, the record does not raise any legal or factual issues regarding plaintiff's claim that defendant Fordham failed to provide adequate security for the premises and that plaintiff was injured as a consequence of its failure to do so. The fact that Fordham also happened to be holding an annual barbecue, which is supposed to be alcohol-free, yet at which some students might have been drinking, does not suffice to establish causation, insofar as there is no showing that the unidentified aggressor had even been at that event, nor was plaintiff injured at that event. Rather, he was injured within a dormitory room. Nor is there evidence in the record of prior incidents at that location such as might warrant a heightened security presence or a modification of policies. Absent evidence that this particular defendant's conduct or omissions proximately caused the injury, there is no basis for recovery against it (*Todorovich v Columbia Univ.*, 245 AD2d 45 [1997], *lv denied* 92 NY2d 805 [1998]). Concur—Buckley, P.J., Tom, Rosenberger, Friedman and Marlow, JJ.