Guzman v Promesa Found., Inc. (2018 NY Slip Op 00225)





Guzman v Promesa Found., Inc.


2018 NY Slip Op 00225


Decided on January 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 11, 2018

Renwick, J.P., Richter, Kahn, Kern, JJ.


5427 308820/08

[*1]Damary Guzman, Plaintiff-Respondent,
v
Promesa Foundation, Inc., et al., Defendants-Appellants, Command Security Corporation, Defendants, et al.,


Lewis, Brisbois, Bisgaard & Smith LLP, New York (Meredith Drucker Nolen of counsel), for appellants.
Macaluso & Fafinski, P.C., Bronx (Donna A. Fafinski of counsel), for respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about July 11, 2016, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' motion for summary judgment dismissing the complaint as against defendant Promesa Residential Health Care Facility, Inc. (Casa Promesa), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants-appellants established prima facie that defendant Casa Promesa did not breach any duty of care to plaintiff by demonstrating that the premises on which plaintiff was attacked were owned by defendant Puerto Rican Organization to Motivate, Enlighten and Serve Addicts, Inc. (Promesa, Inc.), not by Casa Promesa, and that defendant Promesa Administrative Services Organization, Inc., was responsible for security decisions in all Promesa facilities (see generally Balsam v Delma Eng'g Corp. , 139 AD2d 292, 297 [1st Dept 1988], lv dismissed in part, denied in part 73 NY2d 783 [1988]; see Jacqueline S. v City of New York , 81 NY2d 288, 293-294 [1993]; Todorovich v Columbia Univ. , 245 AD2d 45 [1st Dept 1997], lv denied 92 NY2d 805 [1998]).
In opposition, plaintiff failed to raise an issue of fact. Even assuming Casa Promesa owed him a duty, he offered no non-speculative basis for finding a causal connection between any negligence on its part and the attack on him.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 11, 2018
CLERK