Lawyer v City of New York (2019 NY Slip Op 07698)





Lawyer v City of New York


2019 NY Slip Op 07698


Decided on October 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2019

Friedman, J.P., Kapnick, Oing, Singh, JJ.


10190 309963/09

[*1] Melissa Lawyer, etc., Plaintiff-Appellant,
v
The City of New York, Defendant, 922 Southern LLC, et al., Defendants-Respondents.


Law Office of Michael Biniakewitz, New York (Michael Biniakewitz of counsel), for appellant.
Kaufman Dolowich Voluck, LLP, New York (Kevin J. O'Donnell of counsel), for 922 Southern LLC, East River Family Center LLC, David Levitan, Mark Goldberg and City Homes Associates, LLC, respondents.
White Werbel & Fino, LLP, New York (Nathan Losman of counsel), for Basic Housing Inc., respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about November 15, 2017, which, insofar as appealed from as limited by the briefs, granted the motions of defendants 922 Southern LLC, City Homes Associates, LLC and David Levitan, and defendant Basic Housing, Inc. (defendants) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
"A landlord has a common-law duty to take minimal security precautions to protect tenants and members of the public from the foreseeable criminal acts of third parties" (Wayburn v Madison Land Ltd. Partnership, 282 AD2d 301, 303 [1st Dept 2001]). Here, that duty was discharged by providing, inter alia, locking doors to the building in question with a buzzer and intercom system and video surveillance cameras (Batista v City of New York, 108 AD3d 484, 486 [1st Dept 2013]; Anzalone v Pan-Am Equities, 271 AD2d 307, 309 [1st Dept 2000]). In addition, defendants prima facie established through testimony regarding a lack of prior robberies or violent crimes in the building that the shooting here was not foreseeable (see Todorovich v Columbia Univ., 245 AD2d 45, 45-46 [1st Dept 1997], lv denied 92 NY2d 805 [1988]). Plaintiff's reliance on vague testimony regarding unknown police activity at the building and speculation about drug sales, robberies, and other violent crimes is insufficient to raise a triable issue of fact. In any event, because plaintiff does not contend that the assailant was not an invited guest, any insufficiency with security precautions was not a proximate cause of the shooting (see Burgos v Aqueduct Realty Corp., 92 NY2d 544, 551 [1998]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 24, 2019
CLERK