Denison v 300 E. 57th St. LLC (2022 NY Slip Op 00006)





Denison v 300 E. 57th St. LLC


2022 NY Slip Op 00006


Decided on January 04, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 04, 2022

Before: Gische, J.P., Singh, Mendez, Shulman, Pitt, JJ. 


Index No. 152848/16 Appeal No. 14944-14944A Case No. 2020-03035, 2021-00911 

[*1]Zoe Denison, Plaintiff-Appellant,
v
300 East 57th Street LLC et al., Defendants-Respondents, 493 Rest, Inc. Doing Business as "Mercury Bar East" et al., Defendants.


Law Office of Niall Macgiollabhui, New York (Niall Macgiollabhui of counsel), for appellant.
Weber Gallagher Simpson Stapleton Fires & Newby LLP, New York (Robert A. Suarez of counsel), for respondents.



Orders, Supreme Court, New York County (Margaret A. Chan, J.), entered January 3, 2020, and February 10, 2021, which, to the extent appealed from as limited by the briefs, granted defendants 300 East 57th Street and Rudin Management LLC's motion for summary judgment dismissing the complaint as against them and denied plaintiff's motion for renewal, unanimously affirmed, without costs.
Defendants established prima facie that the entrance through which the woman who assaulted plaintiff gained access to the premises was not negligently maintained (see Burgos v Aqueduct Realty Corp., 92 NY2d 544, 550-551 [1998]). They submitted evidence that they posted a doorman trained in security at the entrance and the doorman's testimony that the two women entered together, that plaintiff confirmed that they were together, and that they hugged each other before getting on the elevator together. This testimony was partially corroborated by video surveillance footage showing the doorman posted at the door and the women entering at around the same time, each waving an arm up as they walked to the elevator, and embracing as they waited for the elevator. Thus, the doorman had no reason to suspect that the assailant was an intruder or posed a danger to plaintiff.
In opposition, plaintiff failed to raise an issue of fact as to whether the assault was foreseeable or whether defendants were a proximate cause of her injuries (see Sakhai v 411 E. 57th St. Corp. , 272 AD2d 231, 233 [1st Dept 2000]). Plaintiff, who was inebriated or drugged on the night of the incident, could not remember her interaction with the doorman. Her assailant's affidavit, submitted by plaintiff on renewal, largely corroborated the doorman's account. Nor did plaintiff present any evidence of frequent criminal activity at the building that would support a contention that defendants should have taken additional precautions to protect the safety of plaintiff and other residents (see Todorovich v Columbia Univ. , 245 AD2d 45, 46 [1st Dept 1997], lv denied 92 NY2d 805 [1998]; Camacho v Edelman , 176 AD2d 453, 454 [1st Dept 1991]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2022