■ MARIA V. SANTIAGO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant. — Order of the Supreme Court, Bronx County (Fusco, J.), dated November 30, 1983, denying defendant New York City Housing Authority's motion for summary judgment, is reversed, on the law, and the motion granted, without costs. ¶ Plaintiff Maria V. Santiago resided at 455 East 146th Street in a housing complex owned, operated and maintained by the defendant Authority. The lobby of the building contained two sets of doors, one exterior door leading to the street area and one interior set leading to the main lobby. In between was a small vestibule. On October 12, 1980, at 6:15 A.M., Santiago was leaving the premises en route to her job at Prospect Hospital. Plaintiff claims to have had difficulty in opening the exterior door, in that the door was "jammed" or otherwise inoperative. Once out on the street, Santiago heard a gunshot, the source of which was never discovered. She immediately attempted to open the door and re-enter the building for safety, but she could not force it open. She was then struck by a second bullet which entered her leg. As a result, she was hospitalized for three weeks and was totally disabled for six months. ¶ Trial Term denied the Authority's motion for summary judgment finding that issues of fact existed "centering on the foreseeability of the injuries sustained including the degree

of criminal activity in the area of the apartment complex". However, even assuming the door was malfunctioning due to the negligence of the Authority, under the circumstances presented herein, such negligence was not the proximate cause of plaintiff's injury and the shooting was not foreseeable. ¶ The mere fact that plaintiff was a tenant of the Authority does not in itself give rise to a special relationship or duty on the part of the landlord (*Bass v City of New York*, 38 AD2d 407, affd 32 NY2d 894). It is black-letter law that no duty arises to an injured person unless the injury could have reasonably been anticipated (*Palsgraf v Long Is. R. R. Co.*, 248 NY 339). While it may have been foreseeable that the jammed entrance door would have caused plaintiff to stand at the entrance and attempt to gain access to the premises, it would not be reasonably foreseeable that she would be the victim of an unseen shooter. ¶ The act of the third-party shooter was a superseding, intervening act which was the proximate cause of plaintiff's injury. This intervening act of the third party was extraordinary under the circumstances, not foreseeable in the normal course of events and independent from defendant's conduct. It was therefore a superseding act which broke any possible causal connection between defendant's conduct and plaintiff's injury (see *Martinez v Lazaroff*, 48 NY2d 819, 820; *Ventricelli v Kinney System Rent A Car*, 45 NY2d 950, 952). ¶ The cases cited by plaintiff are inapposite. In *Loeser v Hale Gardens* (73 AD2d 187), the plaintiff was assaulted in a parking lot where the lights were not working due to negligence of the landlord. However, in *Loeser*, there was actual evidence of previous criminal assaults in the lot and expert testimony that lights would deter criminal acts. In *Sherman v Concourse Realty Corp.* (47 AD2d 134), the tenant was assaulted inside an apartment building by an intruder who was able to gain entry because the landlord had failed to provide a working lock on the door to the premises. The landlord had received a rent increase prior to the incident in order to put locks and buzzers at the entrances. In *Sherman*, there also was evidence that there had been prior robberies in the building and that the landlord had notice. In *Nallan v Helmsley-Spear* (50 NY2d 507), there was also a history of prior criminal activity in the premises. In the case at bar, there has been no evidence submitted at Special Term of prior criminal incidents at the entrance to the premises or similar occurrences. ¶ As the Court of Appeals noted in *Nallan* (p 519): "Of course, a possessor of land, whether he be a landowner or a leaseholder, is not a insurer of the visitor's safety. Thus, even where there is an extensive history of criminal conduct on the premises, the possessor cannot be held to a duty to take protective measures unless it is shown that he either knows or has reason to know from past experience 'that there is a likelihood of conduct on the part of third persons * * * which is likely to endanger the safety of the visitor' [citation omitted]". ¶ Since the intervening or superseding act was not reasonably foreseeable as a matter of law, Trial Term erred in denying defendant's motion for summary judgment. Concur — Murphy, P.J., Kupferman, Asch and Silverman, JJ.