■ MYRNA TARTER, Respondent, v HARVEY SCHILDKRAUT et al., Appellants.—Judgment, Supreme Court, New York County (Coutant, J., at liability trial; Pryor, J., at damages trial), entered on or about January 3, 1989, which upon a jury verdict found in favor of the plaintiff against defendants in the reduced amount of $2,635,218, as stipulated by plaintiff, unanimously reversed, on the law, without costs, and the complaint is dismissed.

On March 16, 1984, plaintiff's jilted lover followed her into the vestibule of the apartment building where she resided and shot her at point-blank range with a shotgun. The outer door of the vestibule was furnished with a lock which did not function; the inner door was equipped with a functioning lock, which plaintiff was attempting to open when she was shot. In the vestibule there was an intercom system for visitors to summon residents. There was testimony at trial concerning tenant complaints regarding the condition of both locks, as well as testimony concerning burglaries and vandalism which had occurred in the building. Further, plaintiff's expert testi-

fied that there was insufficient visibility from the street into the vestibule, because the outer door should have been a glass and steel, self-closing, self-locking door, with an intercom system located beyond the outer door.

Separate trials were held on the issues of liability and damages. The court denied defendants' motion to dismiss at the close of plaintiff's direct case, and the jury found in favor of the plaintiff on the issue of liability. After the trial on damages, the jury awarded a substantial verdict to the plaintiff, which was reduced by the trial court upon plaintiff's stipulation.

We now reverse. Accepting all of the plaintiff's evidence as true, and granting plaintiff the benefit of every favorable inference to be drawn from the facts presented *(Candelier v City of New York,* 129 AD2d 145, 147), we conclude that plaintiff failed to establish a prima facie case and that the complaint must be dismissed.

A landlord has a duty to take "minimal" precautions to protect tenants from reasonably foreseeable criminal acts. *(Miller v State of New York,* 62 NY2d 506, 513; *Iannelli v Powers,* 114 AD2d 157, 161, *lv denied* 68 NY2d 604.) The question here was whether the defendants had taken reasonable safety precautions. While this issue is "almost always" for the jury to resolve *(Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 520, n 8), we believe that under the circumstances of this case one locked door was sufficient to discharge defendants' duty to the plaintiff. The law does not require the defendants to provide the optimal or most advanced security system available, but only reasonable security measures. *(Gill v New York City Hous. Auth.,* 130 AD2d 256.) To hold otherwise would cast the defendants in the role of insurers of the safety of the premises. *(Nallan v Helmsley-Spear, Inc., supra,* at 519.)

Nor do we believe that the criminal act of plaintiff's ex-lover was foreseeable as a matter of law. In *Santiago v New York City Hous. Auth.* (101 AD2d 735, *affd* 63 NY2d 761), we held that a shooting which occurred in front of premises, where the victim, a tenant, was unable to enter because of a "jammed" front door, was not foreseeable because there was no evidence of a history of prior criminal conduct at the entrance to the premises. The same is true here. Only one other criminal incident appears to have been committed in the vestibule area, and that occurred approximately three years prior to the assault on plaintiff. The evidence was in the form of a police report, admitted over objection. Even if the jury could have

somehow concluded that the defendant had notice of this single incident, this alone does not provide a basis from which the jury could infer that there had been recurring criminal activity requiring that special security measures be taken.

We might also add that the conclusion is inescapable that plaintiff's ex-lover was intent on harming plaintiff. He had stalked her for that purpose. Given the motivation for the assault, his acts were truly extraordinary and unforeseeable and served to "break the causal connection" between any negligence on the part of the defendants and the plaintiff's injuries. (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315.) While we recognize that the assault in *Nallan (supra)* was most likely also a calculated act which nevertheless did not preclude a finding of negligence, we do not believe the jury could properly have inferred that reasonable security measures would have deterred the act of violence which was committed here. Testimony by plaintiff's expert that the lack of visibility into the vestibule and the absence of an outside lock were competent producing causes was not enough to make out a prima facie case in this regard, since the expert neither demonstrated nor professed knowledge of the particular perpetrator's thought processes. The opinion of an expert is not always sufficient to make out a prima facie case. (*Topel v Long Is. Jewish Med. Center*, 55 NY2d 682.) We find it equally likely that had the outer door been locked, the plaintiff would have been assaulted outside of the building.

The facts in *Nallan (supra)*, relied upon by plaintiff, are clearly distinguishable. There, the absence of an attendant in the lobby area of a building after normal business hours gave rise to a jury question as to the defendants' liability, in view of the extensive history of criminal activity in the building; there were also the issues of an assumed duty to provide an attendant, and reliance by the plaintiff on his continued presence. Plaintiff here does not even suggest that defendants were obligated to provide security personnel. While the absence of an attendant in *Nallan* may have constituted negligence, here the failure to provide a locked outer door was not a negligent act upon which recovery may be predicated. Concur—Kupferman, J. P., Sullivan, Carro, Milonas and Smith, JJ.