■ MARY HARRIS, as Administratrix of the Estate of TERRY HARRIS, Deceased, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [621 NYS2d 105] —In a wrongful death action, the plaintiff appeals from an order of the Supreme Court, Kings County (Garry, J.), entered April 15, 1993, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In 1988, Terry Harris was murdered in a building owned and controlled by the defendant New York City Housing Authority (hereinafter NYCHA). The plaintiff, Harris' mother, commenced this action against the NYCHA, alleging that Harris' murder was due to the NYCHA's failure to install and maintain a lock on the front door of the building where the murder occurred. The Supreme Court granted the NYCHA's motion for summary judgment. We affirm.

The record reveals that Harris was the victim of a targeted murder by a long-time enemy who had tried to kill him on at

least one prior occasion. Such an intentional act was an unforeseeable, intervening force which severed the causal nexus between the alleged negligence of the NYCHA and the complained-of injury *(see, Tarter v Schildkraut,* 151 AD2d 414; *Iannelli v Powers,* 114 AD2d 157; *Santiago v New York City Hous. Auth.,* 101 AD2d 735, *affd* 63 NY2d 761). Moreover, there is no evidence that the assailant's entry onto the premises was due to the failure of the NYCHA to install or maintain a lock on the front door. Indeed, the record reveals that the assailant had a variety of friends and acquaintances in the building who could have allowed him access, and there is evidence that, at the time of the murder, the door had been tied open by a delivery person *(see, Provenzano v Roslyn Gardens Tenants Corp.,* 190 AD2d 718; *Hendricks v Kempler,* 156 AD2d 425). Accordingly, the complaint was properly dismissed. Miller, J. P., Lawrence, Ritter and Santucci, JJ., concur.