■ ANDREW MACK, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [650 NYS2d 226] —Order, Supreme Court, New York County (Stephen Crane, J.), entered on October 17, 1995, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed.

Plaintiff Andrew Mack alleged that he was assaulted and robbed on an interior staircase of 40-05 10th Street in Long Island City, a building owned and operated by defendant New York City Housing Authority, on May 19, 1992. At a hearing pursuant to General Municipal Law § 50-h in April 1993, Mack stated that he arrived at the building at about noon to visit a friend on the second floor; he crossed the building lobby and ascended several steps to the first floor landing without sighting anyone; he was struck on the leg and head by an unseen assailant as he turned to ascend the flight of stairs to the second floor. At a deposition in June 1994 Mack, changed his story, claiming that he had noticed a youthful stranger, dressed

in a camouflage jacket, standing outside the lobby as he entered the building; the stranger entered the lobby and attacked Mack on the staircase. Mack also stated that, contrary to custom, the front door of the building was unlocked at the time of this incident. A police report in the record, composed on the date of the incident, indicates that plaintiff described his assailant at that time as a young person with dark skin, blue jeans and white sneakers.

In May 1995, the Housing Authority moved for summary judgment dismissing the complaint, arguing, *inter alia*, that plaintiff was unable to establish that his assailant did not have legal access to the premises, and that plaintiff had no witness to assert the Authority's actual or constructive notice of the unlocked door. Mack opposed this motion with, *inter alia*, an affidavit from a previously unnamed witness, a friend of plaintiff and another visitor to the building, averring that the front door to the building was often unlocked and had been unlocked three days before the incident; Mack also asserted that he knew all the residents of the building by sight or name, and that his assailant was not a resident. Supreme Court denied the motion, and we reverse.

A plaintiff who predicates a claim for damages on a lack of security based on a broken lock must demonstrate that his assailant was an intruder and not a building resident or guest (*Wright v New York City Hous. Auth.*, 208 AD2d 327, 330). We are of the view that the plaintiff in the instant matter, an occasional visitor to the building where the attack took place upon him, has supplied insufficient competent evidence to raise a genuine issue of fact as to whether his assailant, however described, lacked legal access to the premises (*Kistoo v City of New York*, 195 AD2d 403). As plaintiff has not provided and apparently cannot provide such evidence, defendant's motion for summary judgment should have been granted. Concur— Murphy, P. J., Ross, Tom, Mazzarelli and Andrias, JJ.