■ CYNTHIA RIVERA, Respondent, v̇ NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Defendant. [657 NYS2d 32] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered September 19, 1996, which, upon granting defendant-appellant's motion for renewal, adhered to its original decision and order of November 29, 1995 denying defendant-appellant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion is granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint against it.

Plaintiff sustained serious injuries when two assailants entered her apartment and stabbed her multiple times. She

claims that the defendants, who own and manage the building, were negligent in failing to provide adequate security, including a functioning lock on the building's front door. The perpetrators gained entry to the apartment by means of a ruse, but there is no evidence as to how they entered the building other than plaintiff's surmise that the broken lock on the front door afforded them access.

As a matter of law, the Housing Authority cannot be held liable for plaintiff's injuries. Absent proof as to the manner in which the perpetrators gained access to the premises (*see, Benitez v Paxton Realty Corp.*, 223 AD2d 431; *Kistoo v City of New York*, 195 AD2d 403), and proof that they were intruders rather than residents or guests thereof (*see, Borrero v New York City Hous. Auth.*, 236 AD2d 262; *Wright v New York City Hous. Auth.*, 208 AD2d 327), plaintiff cannot prove that defendant's alleged negligence in failing to provide functioning door locks was the proximate cause of her injuries (*see, Mack v New York City Hous. Auth.*, 234 AD2d 67; *Perry v New York City Hous. Auth.*, 222 AD2d 567).

The causal connection is further undermined by the clear evidence that this attack was motivated by a preconceived criminal conspiracy to murder plaintiff's stepbrother, who lived with her in the apartment (*see, Harris v New York City Hous. Auth.*, 211 AD2d 616; *Tarter v Schildkraut*, 151 AD2d 414, *lv denied* 74 NY2d 616). This criminal design, admitted by one of the participants, renders it most unlikely that any reasonable security measures would have deterred the criminal participants (*Tarter v Schildkraut, supra*).

Further, given the paucity of evidence of prior criminal activity on the premises, we find that the criminal acts giving rise to plaintiff's injuries were unforeseeable as a matter of law (*see, Jacqueline S. v City of New York*, 81 NY2d 288; *Maria S. v Willow Enters.*, 234 AD2d 177; *Camacho v Edelman*, 176 AD2d 453). Concur—Rosenberger, J. P., Ellerin, Tom and Mazzarelli, JJ.