■■■ ELLEN J. MARKS, Appellant, v KATIE L. MORRISON et al., Respondents. [714 NYS2d 167] —Order unanimously reversed on the law without costs, motion denied and note of issue reinstated. Memorandum: Supreme Court erred in granting defendants' motion to vacate the note of issue unless plaintiff agrees to submit to an independent medical examination (IME) within 30 days. It is well established that, "absent special, unusual or extraordinary circumstances spelled out factually, the motion court lacks discretion to permit further discovery after the note of issue and statement of readiness have been filed" (*Gould v Marone*, 197 AD2d 862; *see, Sims v Ferraccio*, 265 AD2d 805; *Melanson v Caggiano*, 251 AD2d 1059). We equate "special, unusual or extraordinary circumstances" with the "unusual or unanticipated circumstances" specified in 22 NYCRR 202.21 (d), pursuant to which the court may grant permission to conduct further discovery subsequent to the filing of a note of issue and certificate of readiness. Defendants allege that they realized as they prepared for trial that they had neglected to conduct an IME. " 'A lack of diligence in seeking discovery does not constitute a special or an extraordinary circumstance' " (*Melanson v Caggiano, supra*, quoting *Laudico v Sears, Roebuck & Co.*, 125 AD2d 960, 961). Furthermore, 22 NYCRR 202.21 (d) also requires that the unusual or unanticipated circumstances develop subsequent to the filing of the note of issue and certificate of readiness. That requirement is not met in this case.

Vacatur of a note of issue is governed by 22 NYCRR 202.21 (e) and provides that such a motion is untimely if it is made more than 20 days after service of a note of issue and certificate of readiness. Here, defendants moved to vacate the note of issue more than 45 days after it was filed and thus were entitled to vacatur only "for good cause shown" (22 NYCRR 202.21 [e]). A belated realization that an IME had not been conducted cannot be considered "good cause."

Defendants' contention that new information concerning plaintiff's injuries was disclosed the day before the motion is improperly raised for the first time on appeal (*see, Ciesinski v Town of Aurora*, 202 AD2d 984, 985). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Discovery.) Present—Green, J. P., Pine, Hayes, Hurlbutt and Kehoe, JJ.