■ LARRY A. DI MATTEO et al., Doing Business as ROSAL HOME PARTNERS, Respondents, v JAMES S. GREY et al., Defendants, and PRECISION TUNE AUTO CARE, INC., Appellant. [721 NYS2d 182] —Order unanimously reversed on the law with costs, motion denied and cross motion granted in part in accordance with the following Memorandum: Plaintiffs commenced this action in October 1997, alleging that defendants defaulted on a lease agreement entered in February 1993 and two payment agreements entered in May 1994 and May 1995, respectively. In February 1999, during discovery, plaintiffs received a franchise agreement and representative agreement that governed the relationships among the defendants. In July 1999 plaintiffs filed a note of issue and statement of readiness and defendant Precision Tune Auto Care, Inc. (PTAC) moved to strike the note of issue and to compel plaintiffs to appear for depositions. By order entered December 29, 1999, Supreme Court denied that part of PTAC's motion seeking to strike the note of issue but granted that part seeking to compel plaintiffs to appear for depositions. In April 2000 plaintiffs moved for leave to serve an amended complaint asserting four new causes of action based on the franchise agreement and representative agreement and to compel PTAC to respond to a second request for production of documents and interrogatories. PTAC cross-moved for an order of protection and sanctions.

The court erred in granting plaintiffs' motion and in denying that part of PTAC's cross motion seeking an order of protection. Plaintiffs are not entitled to amend the complaint where,

as here, they failed to demonstrate the merit of the proposed amendment (*see, Fingerlakes Chiropractic v Maggio*, 269 AD2d 790, 791; *Ricci v New Era Cap Co.*, 224 AD2d 963). The submission of the franchise agreement and representative agreement was an insufficient "evidentiary showing that the claim can be supported" (*Cushman & Wakefield v John David, Inc.*, 25 AD2d 133, 135; *see, Mathiesen v Mead*, 168 AD2d 736, 737), and plaintiffs' only other submission in support of the motion was an affidavit of counsel, who had no personal knowledge of the underlying facts (*see, Bonanni v Straight Arrow Publs.*, 133 AD2d 585, 588). Nor did plaintiffs offer an explanation for their delay of over one year from the receipt of the documents upon which the proposed amendment is based or the approximately eight months since the note of issue had been filed and discovery completed (*see, Licameli v Roberts*, 277 AD2d 1057).

We further conclude that the court improvidently exercised its discretion in granting that part of plaintiffs' motion seeking to compel PTAC to respond to additional discovery after the note of issue had been filed. Plaintiffs failed to establish that "unusual or unanticipated circumstances develop[ed] subsequent to the filing of [the] note of issue and [statement] of readiness which require additional pretrial proceedings to prevent substantial prejudice" (22 NYCRR 202.21 [d]; *see, Marks v Morrison*, 275 AD2d 1027). "Furthermore, 22 NYCRR 202.21 (d) also requires that the unusual or unanticipated circumstances develop subsequent to the filing of the note of issue and [statement] of readiness" (*Marks v Morrison, supra*, at 1027). Here, plaintiffs had the franchise documents in their possession nearly five months before they filed the note of issue and statement of readiness, and over a year before they sought the additional discovery. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Amend Pleading.) Present— Pigott, Jr., P. J., Wisner, Hurlbutt, Burns and Lawton, JJ.