■ NORINE RINKER, Respondent, v TEJBIR OBEROI, Appellant. (Appeal No. 1.) [732 NYS2d 787] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this dental malpractice action on July 1, 1993, seeking damages for injuries allegedly sustained as the result of defendant's negligent care and treatment throughout the course of the parties' 13-year dentist-patient relationship. Supreme Court properly denied that part of defendant's motion seeking partial

summary judgment dismissing the claims arising out of defendant's treatment of plaintiff's periodontal condition and the area of plaintiff's mouth from tooth 17 through tooth 20 rendered by defendant prior to January 1, 1991. Defendant met his initial burden of establishing that more than 2½ years elapsed between the dates of the alleged malpractice underlying those claims and the commencement of the action (*see, Nailor v Oberoi,* 237 AD2d 898). Plaintiff, however, submitted proof raising triable issues of fact with respect to the applicability of the continuous treatment doctrine to the treatment of her periodontal condition (*see, Lee v Goldman,* 255 AD2d 366, 367) and the treatment of the area of her mouth from tooth 17 through tooth 20 (*see, Yelin v American Dental Ctr.,* 184 AD2d 693, 694-695). The court erred, however, in denying that part of defendant's motion seeking partial summary judgment dismissing the remainder of plaintiff's claims arising from the care and treatment rendered by defendant prior to January 1, 1991. Defendant met his burden of establishing that those claims are time-barred (*see,* CPLR 214-a), and plaintiff's submissions do not raise a triable issue of fact with respect to the applicability of the continuous treatment doctrine to those claims. Nor do plaintiff's submissions raise a triable issue of fact whether defendant is equitably estopped from asserting the Statute of Limitations as a defense to those claims (*cf., Renda v Frazer,* 75 AD2d 490, 492-495). We therefore modify the order in appeal No. 1 accordingly.

We further conclude that the court erred in granting defendant's motion for a stay of the trial upon the condition that plaintiff be permitted to conduct further discovery. The note of issue and certificate of readiness had been filed, and plaintiff failed to establish that "unusual or unanticipated circumstances" developed subsequent to the filing of the note of issue and certificate of readiness that would warrant further discovery (22 NYCRR 202.21 [d]; *see, Di Matteo v Grey,* 280 AD2d 929, 930). We modify the order in appeal No. 2, therefore, by vacating the condition allowing plaintiff additional discovery. (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Green, J. P., Hayes, Wisner, Scudder and Kehoe, JJ.