■ GLEN W. SHOOP, Respondent, v RUTH M. AUGST et al., Appellants. [758 NYS2d 747] —Appeals from an order of Supreme Court, Onondaga County (Roy, J.), entered July 12, 2002, which, inter alia, denied defendant Joan Flack's motion and

that part of defendant Ruth M. Augst's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendant Joan Flack to vacate the note of issue and certificate of readiness and that part of the motion of defendant Ruth M. Augst seeking the same relief and vacating the note of issue and certificate of readiness and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained when he fell on two separate occasions during the course of his employment as a meter reader for Niagara Mohawk Power Corporation. On September 13, 1996, plaintiff fell in the home of defendant Ruth M. Augst when one end of a basement step pulled away from the riser. On June 19, 1998, plaintiff fell from a stacked fieldstone wall in the yard of defendant Joan Flack as he attempted to gain access to Flack's meter. Supreme Court properly denied Flack's motion seeking summary judgment dismissing the complaint and that part of Augst's motion seeking the same relief. Even assuming, arguendo, that each defendant met her initial burden, we conclude that plaintiff raised triable issues of fact with respect to each incident (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We further conclude, however, that the court erred in denying Flack's separate motion to vacate plaintiff's note of issue and certificate of readiness. The motion was made within 20 days of service of the note of issue and certificate of readiness, and thus, in support of her motion, Flack was required to show only that "a material fact in the certificate of readiness is incorrect, or that the certificate of readiness fails to comply with the requirements of this section in some material respect" (22 NYCRR 202.21 [e]; *see also Marks v Morrison*, 275 AD2d 1027 [2000]). Here, Flack established that the medical records and authorizations pertaining to plaintiff's condition had not been updated since the time of initial disclosure and that defendants had requested updated authorizations in order to schedule an independent medical examination (IME). Flack thereby established that the certificate of readiness was incorrect, because it set forth that all medical reports had been exchanged and that all physical examinations had been conducted. The court lacked discretion to permit the IME to be conducted post-filing in the absence of a showing that "unusual or unanticipated circumstances develop[ed] subsequent to the filing of the note of issue and certificate of readiness" (*Marks*, 275 AD2d at

1027; *see* 22 NYCRR 202.21 [d]). We therefore modify the order by granting the motion of Flack to vacate the note of issue and certificate of readiness and that part of the motion of Augst seeking the same relief and vacating the note of issue and certificate of readiness. Present—Pigott, Jr., P.J., Green, Pine, Burns and Gorski, JJ.