VICTOR CERDA, Appellant, v 2962 DECATUR AVENUE OWNERS CORP. et al., Respondents. (And a Third-Party Action.) [761 NYS2d 220] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered November 14, 2001, which granted defendants' summary judgment motion dismissing the complaint, unanimously affirmed, without costs.

The motion court properly granted defendant landlords summary judgment in this personal injury case. As in *Rivera v New York City Hous. Auth.* (239 AD2d 114 [1997]), the alleged proximate cause of the tenant's injuries, the landlord's negligence in failing to repair a broken front door lock thereby allowing the intruder-perpetrator's entry, is seriously undermined by strong evidence of the unforeseeable existence of a preconceived criminal conspiracy to murder the tenant, such that "it [is] most unlikely that any reasonable security measures would have deterred the criminal participants" (*id.* at 115, citing *Tarter v Schildkraut,* 151 AD2d 414 [1989], *lv*

*denied* 74 NY2d 616 [1989]). Here, the record shows that the tenant, an ex-drug dealer, was assaulted by a team of assassins which was waiting for him in the hallway outside his apartment at the exact time, in the early morning, that he arrived home from work, which team included at least a third member outside the building who coordinated with the attackers by walkie-talkie, and who made statements indicating that they were specifically targeting the tenant.

Plaintiff's reliance on *Burgos v Aqueduct Realty Corp.* (92 NY2d 544 [1998]) is inapposite inasmuch as that case had no evidence of a criminal conspiracy to harm the injured party, not to mention one as carefully planned and executed as the one at bar. Concur—Buckley, P.J., Tom, Andrias, Williams and Friedman, JJ.