■ EDWARD A. BUCKERIDGE et al., Respondents, v WILLIE BROADIE, JR., Appellant. [774 NYS2d 132]—

Order, Supreme Court, Bronx County (Janice Bowman, J.), entered April 16, 2003, denying defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Defendant is the owner of a two-family house in the Bronx. Plaintiff Edward A. Buckeridge is a handyman hired by defendant on numerous occasions to perform various jobs at the house. On December 20, 2000, plaintiff was at the house to do some interior painting. In the late morning, an unknown man and woman, dressed in work clothes, orange vests, helmets and carrying test tubes and folders, gained entry to defendant's house while posing as environmental protection workers investigating a water main break in the area. The two intruders, in the course of robbing the house, physically attacked plaintiff as well as defendant.

Plaintiffs sued defendant for personal injuries sustained at the hands of the intruders. After joinder of issue, defendant moved for summary judgment on the ground that plaintiff's injuries were not reasonably foreseeable. Plaintiffs argued that defendant was aware of other criminal activity in the neighborhood and that there were issues of fact as to defendant's negligence in allowing the intruders to gain access to his house.

The Supreme Court denied the motion, concluding that questions of facts existed as to whether the assault was foreseeable and whether defendant was negligent in not requesting identification from the intruders.

In New York, an owner of property may be liable for the injuries inflicted by a trespasser, who, while on the owner's property, commits a violent crime against a third person. Such liability can arise only where the owner knew or should have known of the probability of conduct on the part of the trespasser which was likely to endanger the safety of those lawfully on the premises (*see e.g. Jacqueline S. v City of New York*, 81 NY2d 288 [1993]; *Miller v State of New York*, 62 NY2d 506 [1984]). In

general, such notice can been established only by proof of a prior pattern of criminal behavior (*Jacqueline S., supra*; *Williams v Citibank, N.A.*, 247 AD2d 49 [1998], *lv denied* 92 NY2d 815 [1998]). Ambient neighborhood crime alone is insufficient to establish foreseeability (*see Evans v 141 Condominium Corp.*, 258 AD2d 293 [1999]; *Novikova v Greenbriar Owners Corp.*, 258 AD2d 149 [1999]; *Todorovich v Columbia Univ.*, 245 AD2d 45 [1997], *lv denied* 92 NY2d 805 [1998]).

This record is devoid of any proof of prior criminal incidents at defendant's residence or at other neighborhood residences that would have placed defendant on notice that a robbery of this type would have been likely to happen. The only criminal activities of which defendant was aware were several robberies in the grocery store located next door. These incidents were insufficient to place defendant on notice that his home was vulnerable to this type of criminal activity (*see Jacqueline S., supra* [whether injury foreseeable depends on location, nature and extent of previous criminal activity and similarity, proximity and other relationship to crime in question]; *Williams, supra* [general claim that ATMs attract criminal activity and that ATM in question located in "high crime" area insufficient to establish notice of prior criminal acts at ATM in question]; *Todorovich, supra* [tenants attacked in building vestibule by armed assailant unable to establish notice of criminal activity in building with proof of ambient neighborhood crime]; *see also Novikova, supra* [where decedent shot in struggle during forcible robbery, proof of apartment burglaries, vandalism and car theft insufficient to put landlord on notice of same type of crime against decedent]).

Plaintiff's further contention—that defendant's failure to adequately ascertain the identity of the assailants before allowing them into the house raises an issue of fact as to defendant's negligence—is unavailing. Plaintiff's injury was the result of an intervening, intentional criminal act of sophisticated armed robbers disguised as agency workers, who targeted defendant and his home in advance (*see Rivera v New York City Hous. Auth.*, 239 AD2d 114 [1997] [no liability when injury due to preconceived criminal conspiracy in which perpetrator targeted plaintiff's stepbrother for murder and gained entry to apartment by means of a ruse]). The intentional criminal act at issue "was an unforeseeable, intervening force which severed the causal nexus between the alleged negligence of [defendant] and the complained-of injury" (*Harris v New York City Hous. Auth.*, 211 AD2d 616, 617 [1995]; *see also Santiago v New York City Hous. Auth.*, 63 NY2d 761 [1984] [intervening act of unknown

assailant, i.e., shooting plaintiff in the leg after she was unable to open jammed exterior door to defendant's building, was extraordinary and unforeseeable consequence and served to break causal connection]; *Cerda v 2962 Decatur Ave. Owners Corp.*, 306 AD2d 169 [2003] [landlord's negligence in failing to repair broken lock which allowed intruder's entry seriously undermined by evidence of preconceived, carefully planned criminal conspiracy to murder tenant]). Concur—Tom, J.P., Andrias, Lerner, Friedman and Marlow, JJ.