MARK J. FUZAK, as Executor of GEORGE T. FUZAK, Deceased, Appellant, v KERRY E. DONOHUE, Respondent. [803 NYS2d 454]—

Appeal from an order of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered December 8, 2004. The order granted defendant's motion for an order compelling plaintiff to forward to defendant's attorneys an authorization to allow them to obtain all medical records and the autopsy report from the no-fault file of decedent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Plaintiff appeals from an order of Supreme Court that granted the motion of defendant and ordered plaintiff to "forward to defendant's attorneys an authorization to allow [them] to obtain all medical records and the autopsy report from the no-fault file of the decedent, Geroge T. Fuzak." We agree with plaintiff that the court erred in granting that motion because a note of issue and statement of readiness had been filed and defendant failed to "establish that 'unusual or unanticipated circumstances develop[ed] subsequent to the filing of [the] note of issue and [statement] of readiness which require additional pretrial proceedings to prevent substantial prejudice' " (*Di Matteo v Grey*, 280 AD2d 929, 930 [2001], quoting 22 NYCRR 202.21 [d]; *see Kephart v Burke*, 306 AD2d 924,

925 [2003]). Even though defendant is correct that an authorization is a means by which to obtain discovery and thus does not itself constitute discovery, defendant moved for the authorization in order to obtain specific records, and the order granting that motion explicitly authorized defendant's attorneys "to obtain all medical records and the autopsy report from the no-fault file of the decedent." Those records are discoverable materials, and defendant failed to establish the unusual or unanticipated circumstances needed to obtain such discoverable materials at this time.

We reject the further contention of defendant that she sought the records for trial. Defendant requested that the records be given to her attorneys, and the court ordered plaintiff to forward the necessary authorization to allow defendant's attorneys to obtain those records. Trial subpoenas duces tecum require that records be sent to the court (see CPLR 2301), while discovery subpoenas duces tecum permit the records to be sent to counsel (see CPLR 3120). We therefore reverse the order and deny the motion. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.