(December 1, 2005)

■ MARIA FLORES, as Administratrix of the Estate of CHRISTO-PHER HERNANDEZ, Deceased, et al., Plaintiffs, and DORIS SILVA, as Administratrix of the Estate of ANNETTE MEDINA, Deceased, Respondent, v DEARBORNE MANAGEMENT, INC., et al., Appellants, et al., Defendants. (And a Third-Party Action.) [806 NYS2d 478]—

Judgment, Supreme Court, Bronx County (Alan J. Saks, J.), entered on or about April 11, 2003, which, after a jury trial in which defendants-appellants were found 38% liable, awarded plaintiff Doris Silva, as administratrix of the estate of Annette Medina, emotional suffering damages in the amount of $4.2 million, unanimously reversed, on the law, without costs, defendants' motion for a directed verdict granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff Silva's decedent, Annette Medina, was one of six people who were shot execution style in the head in a Bronx building owned and operated by defendants. While there were disputed facts at trial regarding defendants' negligence in providing building security, the evidence also clearly established that the murders were a result of a planned hostage taking and armed robbery, incident to the intended murder of the specific target in his apartment. In particular, the perpetrators, who were convicted of murder in the second degree (*see e.g. People v Ramos*, 258 AD2d 357 [1999]; *People v Casellas*, 227 AD2d 343 [1996], *lv denied* 88 NY2d 981 [1996]), planned in advance to

seize a particular woman to gain entry to an apartment, execute one of the residents of that apartment, and leave with any money they could find. Upon arrival at the building, the masked perpetrators took four captives at gunpoint, entered the decedent's apartment, required their captives and two inhabitants to lie on the floor, face down, executed the six and left with any money they found. At a subsequent meeting, the perpetrators divided the proceeds of their crime spree. Such intentional conduct was, as a matter of law, the sole proximate cause of the decedent's death (*see Cerda v 2962 Decatur Ave. Owners Corp.*, 306 AD2d 169 [2003]; *Rivera v New York City Hous. Auth.*, 239 AD2d 114 [1997]; *Harris v New York City Hous. Auth.*, 211 AD2d 616, 617 [1995]). Concur—Buckley, P.J., Mazzarelli, Friedman, Marlow and Sullivan, JJ.