■ JOEL LOPEZ et al., Respondents, v BARRETT T.B. INC., Doing Business as BARRETT BROTHERS MANAGEMENT, et al., Appellants, et al., Defendants. [833 NYS2d 340]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered June 1, 2006 in a personal injury action. The order denied the motion of defendants Barrett T.B. Inc., doing business as Barrett Brothers Management, KFC of America, Inc., Delta Sonic Carwash Systems, Inc. and Nathan Benderson, individually and doing business as Benderson Development Company, Inc., for summary judgment and granted plaintiffs' cross motion seeking permission to conduct additional discovery after filing the note of issue and statement of readiness.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Joel Lopez (plaintiff) during a robbery at a restaurant owned and/or operated by Barrett T.B. Inc., doing business as Barrett Brothers Management, KFC of America, Inc., Delta Sonic Carwash Systems, Inc. and Nathan Benderson, individually and doing business as Benderson Development Company, Inc. (collectively, defendants).

Contrary to the contention of defendants, Supreme Court properly denied their motion seeking, inter alia, summary judgment dismissing the complaint against them. Even assuming, arguendo, that defendants met their initial burden, we conclude that plaintiffs raised triable issues of fact whether, based on past experience, defendants "knew or should have known of the probability of conduct on the part of third persons which was likely to endanger the safety of those lawfully on the premises" (*Farrell v Vega*, 303 AD2d 716, 717 [2003]; *see Jacqueline S. v City of New York*, 81 NY2d 288, 294 [1993], *rearg denied* 82 NY2d 749 [1993]). We further conclude that the likelihood of criminal conduct was not so extraordinary and unforeseeable as to break the causal connection between plaintiff's injuries and defendants' conduct as a matter of law (*cf. Flores v Dearborne Mgt., Inc.*, 24 AD3d 101, 102 [2005]; *Buckeridge v Broadie*, 5

AD3d 298 [2004]; *Cerda v 2962 Decatur Ave. Owners Corp.*, 306 AD2d 169, 169-170 [2003]; *Rivera v New York City Hous. Auth.*, 239 AD2d 114, 115 [1997]).

We conclude, however, that the court erred in granting the cross motion of plaintiffs seeking permission to conduct additional discovery after they "inadvertently" filed the note of issue and statement of readiness, and we therefore modify the order accordingly. "[W]here, as here, additional discovery is sought after plaintiff[s] ha[ve] filed a note of issue, the party seeking additional discovery must demonstrate that 'unusual or unanticipated circumstances develop[ed] subsequent to the filing . . . which require additional pretrial proceedings to prevent substantial prejudice' " (*Kephart v Burke*, 306 AD2d 924, 925 [2003], quoting 22 NYCRR 202.21 [d]; *see Di Matteo v Grey*, 280 AD2d 929, 930 [2001]). Plaintiffs failed to meet that burden with respect to the discovery sought in the cross motion. Present—Centra, J.P., Lunn, Peradotto and Pine, JJ.