■ CYNTHIA B., an Infant, by Her Mother and Natural Guardian, GLADYS P., et al., Appellants, v 3156 HULL AVENUE EQUITIES, INC., Respondent. [832 NYS2d 520]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered January 27, 2006, which, in an action for personal injuries sustained in a rape allegedly caused by inadequate building security, granted defendant landlord's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The record shows that the assailant, pretending to be a plumber, approached and spoke to the infant plaintiff inside her apartment building on two occasions some two weeks before the rape; that she let him into her apartment on one of those occasions, as well as on the day of the rape, because she believed he was a plumber; and that the rape matched an identified citywide pattern in which the rapist pretended to be a plumber in order to gain access to apartments and rape the occupants. These facts suffice to make a prima facie showing that the infant plaintiff was targeted well in advance by a serial rapist, severing any causal connection between her injuries and defendant's alleged negligence in failing to repair a broken front door lock (*see Buckeridge v Broadie,* 5 AD3d 298, 300 [2004]). Plaintiffs' response that a functioning front door lock would have deterred the rapist is "most unlikely" (*Cerda v 2962 Decatur Ave. Own-*

*ers Corp.*, 306 AD2d 169, 169 [2003]). Concur—Mazzarelli, J.P., Friedman, Buckley, Catterson and Malone, JJ.