RONALD NEWMAN, Appellant, v McDONALD'S RESTAURANTS OF NEW YORK, INC., Respondent. [850 NYS2d 771]—

Appeal from an order (denominated decision) of the Supreme

Court, Erie County (Frederick J. Marshall, J.), entered December 11, 2006 in a personal injury action. The order granted the motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he was shot while intervening during a robbery at a restaurant owned and/or operated by defendant. We conclude that Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint inasmuch as defendant failed to meet its initial burden on the motion of establishing its entitlement to judgment as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In the first cause of action, plaintiff alleged that his injuries were a foreseeable consequence of defendant's failure to provide adequate security measures at the restaurant. In support of its motion, however, defendant submitted evidence that, prior to plaintiff's injury, an employee of the restaurant had asked her supervisor for a security guard, and that the restaurant had been the scene of threats to an employee, disorderly conduct, fights, larcenies, robberies, burglaries, and a stabbing. We thus conclude that there is a triable issue of fact whether, based on past experience, defendant "knew or should have known of the probability of conduct on the part of third persons which was likely to endanger the safety of those lawfully on the premises" (*Farrell v Vega*, 303 AD2d 716, 717 [2003]; *see Jacqueline S. v City of New York*, 81 NY2d 288, 294 [1993], *rearg denied* 82 NY2d 749 [1993]; *Lopez v Barrett T.B. Inc.*, 38 AD3d 1308, 1309 [2007]). We further conclude that defendant failed to establish that the likelihood of criminal conduct was so extraordinary and unforeseeable as to break the causal connection between plaintiff's injuries and defendant's conduct as a matter of law (*see Lopez*, 38 AD3d at 1309-1310; *cf. Flores v Dearborne Mgt., Inc.*, 24 AD3d 101, 102 [2005]; *Buckeridge v Broadie*, 5 AD3d 298, 300-301 [2004]), or that defendant had taken "reasonable precautionary measures to minimize the risk and make the premises safe for the visiting public" (*Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 520 [1980]).

Defendant also failed to meet its initial burden with respect to the remaining cause of action, in which plaintiff alleged that he had been enlisted as a co-rescuer by an employee of defendant. When two volunteers work together to effectuate a rescue,

they assume a duty to each other "to carry out the joint enterprise with a reasonable degree of care in view of all the circumstances" (*Prior Aviation Serv. v State of New York*, 100 Misc 2d 237, 243 [1979]; *see generally Lichtenthal v St. Mary's Church*, 166 AD2d 873, 875 [1990]). Here, the evidence submitted by defendant in support of its motion raised a triable issue of fact whether defendant's employee breached a duty of care to plaintiff by enlisting plaintiff as a corescuer without warning him that the robbers were armed with guns (*see Prior Aviation Serv.*, 100 Misc 2d at 243; *see generally Lichtenthal*, 166 AD2d at 875). Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.