■ RENEE S. SANTIAGO et al., Appellants, v WENDY A. SPINUZZA, Defendant, and CITY OF DUNKIRK, Respondent. [872 NYS2d 327]—

Appeal from an order of the Supreme Court, Chautauqua County (Timothy J. Walker, A.J.), entered May 29, 2008. The order, insofar as appealed from, granted that part of the motion of defendant City of Dunkirk seeking to compel plaintiff Renee S. Santiago to comply with further discovery demands.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs and that part of the motion seeking to compel further discovery is denied.

Memorandum: Plaintiffs appeal from an order insofar as it granted that part of the motion of the City of Dunkirk (defendant) seeking to compel plaintiff Renee S. Santiago to comply with further discovery demands, including a vocational rehabilitation examination. We reverse the order insofar as appealed from. "It is well established that, absent special, unusual or extraordinary circumstances spelled out factually, the motion court lacks discretion to permit further discovery after the note of issue and statement of readiness have been filed" (*Sanly v Nowak*, 49 AD3d 1340, 1341 [2008] [internal quotation marks omitted]; *see* 22 NYCRR 202.21 [d]; *Gould v Marone*, 197 AD2d 862 [1993]; *Laudico v Sears, Roebuck & Co.*, 125 AD2d 960, 961 [1986]). Here, the discovery demand in question was made approximately 16½ months after the note of issue was filed, and defendant failed to establish that any special, unusual, or extraordinary circumstances had developed during that time (*see Lopez v Barrett T.B. Inc.*, 38 AD3d 1308, 1310 [2007]; *Fuzak v Donohue*, 23 AD3d 1022 [2005]). Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.