Dismissal of the complaint was warranted in this action. Although plaintiff alleges that the decedent was fatally shot in the lobby of the building where he resided, and that the shooter and two accomplices were able to gain access due to a negligently maintained lock, defendant established that plaintiff would be unable to demonstrate that the three perpetrators entered the premises by reason of a malfunctioning door lock and that the assailant was an intruder (see Rivera v New York City Hous. Auth., 239 AD2d 114 [1st Dept 1997]). Defendant submitted the sworn written statement and plea allocution of third-party defendant O’Neil, who was one of the three assailants, and who pleaded guilty to his role in the decedent’s death. Those statements indicate that the decedent knew the assailants and permitted them to enter the building’s lobby. Thus, the decedent’s actions were “an intervening cause of the criminal act absolving defendants of any negligence” (S.M.R.K., Inc. v 25 W. 43rd St. Co., 250 AD2d 487, 487 [1st Dept 1998], lv denied 92 NY2d 817 [1998]). Plaintiffs opposition failed to show that any negligent conduct on the part of defendants was a proximate cause of the injury (see Morrison v New York City Hous. Auth., 227 AD2d 319 [1st Dept 1996]).
The motion court properly found that the Dead Man’s Statute in CPLR 4519 does not require suppression of O’Neil’s statements since he was not an interested witness within the meaning of the statute (Stay v Horvath, 177 AD2d 897, 899 [3d Dept 1991]). O’Neil’s written statement and plea allocution were made prior to the commencement of the action and well before the commencement of the third-party action against him (see *463 Ellis v Abbey & Ellis, 271 AD2d 353 [1st Dept 2000], lv denied 95 NY2d 760 [2000]). Nor is there evidence that defendants violated any statutory provisions in obtaining the decedent’s criminal records.
We have considered plaintiffs remaining contentions and find them unavailing. Concur — Andrias, J.P., Friedman, DeGrasse, Manzanet-Daniels and Gische, JJ.