ESTATE OF KATHRYN P. FAUGHEY, by her Executor WALTER B. ADAM, Appellant, v NEW 56-79 IG ASSOCIATES, L.P., et al., Respondents. [52 NYS3d 12]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered December 16, 2015, which granted the motions of defendants 435 East 79 Street Associates, LLC and Charles A. Murkofsky (Tenants) and defendants New 56-79 IG Associates, L.P., New 57-79 IE Associates, L.P., BLDG Management Co., Inc., Building Management Co., Inc., and Lloyd Goldman (Owners) for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The instant negligence action arises from the tragic murder of Kathryn P. Faughey (decedent) by nonparty David Tarloff while in her office in a suite leased by Tenants in a building owned by Owners.

The motion court correctly dismissed the complaint. Even though the building contained a psychiatric suite, defendants had no duty to protect decedent from the violent actions of third parties, including former patients like Tarloff; such actions were not foreseeable, given the absence of prior violent criminal activity by Tarloff or other third parties in the building (*Maheshwari v City of New York*, 2 NY3d 288, 294 [2004]; *see Buckeridge v Broadie*, 5 AD3d 298, 300 [1st Dept 2004]).

Even assuming that defendants had a duty to provide "minimal precautions" (*Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993]), that duty was satisfied by the provision of 24/7 doorman coverage, surveillance cameras, controlled building access, and functioning locks on the doors of the office suite and decedent's personal office (*see James v Jamie Towers Hous. Co.*, 99 NY2d 639, 641 [2003]; *Nash v Port Auth. of N.Y. & N.J.*, 51 AD3d 337, 348 [1st Dept 2008], *revd on other grounds by Matter of World Trade Ctr. Bombing Litig.*, 17 NY3d 428 [2011]). It is purely speculative that additional security measures—such as announcing visitors, installing an office intercom or buzzer, or keeping the office doors locked after hours—would have prevented Tarloff from killing decedent.

Any claims that the door man was negligent in failing to recognize Tarloff's suspicious behavior was not a proximate cause of decedent's death because it was still not foreseeable that Tarloff was about to engage in a murderous rampage. Tarloff's conduct was a superceding cause severing the causal chain. Given that the attack was targeted and premeditated, it is

"unlikely that any reasonable security measures would have deterred [Tarloff]" (*Cerda v 2962 Decatur Ave. Owners Corp.*, 306 AD2d 169, 169 [1st Dept 2003] [internal quotation marks omitted]; *accord Buckeridge*, 5 AD3d at 300).

Given the foregoing determination, we need not reach the issue of Murkofsky's individual liability. Concur—Friedman, J.P., Sweeny, Moskowitz, Gische and Kapnick, JJ.