■ TANYA GONZALEZ, Appellant, v RIVERBAY CORPORATION et al., Respondents, et al., Defendant. [56 NYS3d 36]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about October 5, 2015, which, to the extent appealed from, granted defendants Riverbay Corporation and Marion Scott Real Estate, Inc.'s motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion denied.

On August 10, 2009, plaintiff was sexually assaulted in the

laundry room of her apartment building in Co-op City by an individual who was not a resident of the complex but had entered the building by "piggy backing" on a tenant who entered after unlocking the front door with a key. The evidence showed that the perpetrator had entered other buildings unimpeded in the complex by similarly "piggy backing" off of other tenants and engaged in inappropriate behavior towards women in the laundry rooms, including assaulting and following them, on at least several separate occasions known to defendants since 2006. Such evidence presents an issue of fact whether the assault on plaintiff was reasonably foreseeable (see *Jacqueline S. v City of New York*, 81 NY2d 288, 294-295 [1993]).

Given the existence of an issue of fact as to foreseeability, an issue of fact also exists whether defendants discharged their common-law duty to take minimal precautions to protect the tenants from the foreseeable harm (see *id.*; *Miller v State of New York*, 62 NY2d 506, 513 [1984]; *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 519-520 [1980]). In particular, in view of the previous incidents, issues of fact exist whether the security measures in place adequately protected female tenants from the risks posed and whether reasonable measures should have included, among others, warnings to tenants about the perpetrator, advising security staff of the perpetrator's prior arrest in the complex, providing security staff and tenants with the perpetrator's photograph, real-time monitoring of surveillance videos, or increasing the presence of lobby attendants, who were absent on the day of the assault. In other words, under the unique circumstances of this case, an issue is raised as to whether defendants, who had notice of this repeat intruder, took minimal security steps with respect to preventing his ability to easily access the interior of their buildings and attempt to sexually assault female tenants (see *Nallan*, 50 NY2d at 520 n 8; *Garrett v Twin Parks Northeast Site 2 Houses*, 256 AD2d 224, 226 [1st Dept 1998, Rubin, J., concurring]).

Finally, an issue of fact exists whether any negligence on defendants' part was a proximate cause of the assault (see *Burgos v Aqueduct Realty Corp.*, 92 NY2d 544 [1998]). The record shows that the perpetrator was able to gain entry into plaintiff's building not as a guest but as an intruder; given defendants' awareness of the practice of "piggy backing" in general and "piggy backing" by this perpetrator specifically, the tenant's act of permitting the perpetrator to enter the building by "piggy backing" does not, as a matter of law, amount to a superseding intervening act that breaks the chain of causation between any deficient security and the assault on plaintiff (see *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]).

We reject defendants' argument that no amount of security could have deterred the mentally ill perpetrator from his irrational and determined acts. In contrast to the perpetrators in the cases defendants cite, the perpetrator in this case did not intentionally target specific victims, but committed the acts randomly, based on opportunity (*cf. Flynn v Esplanade Gardens, Inc.*, 76 AD3d 490 [1st Dept 2010]; *Cynthia B. v 3156 Hull Ave. Equities, Inc.*, 38 AD3d 360 [1st Dept 2007]; *Flores v Dearborne Mgt., Inc.*, 24 AD3d 101 [1st Dept 2005]). We also note that the perpetrator's most recent intrusions into the subject buildings, including the day of the assault, were on Mondays and Tuesdays—days when lobby attendants were regularly not on duty. Concur—Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Webber, JJ.