Roldan v New York City Hous. Auth. (2019 NY Slip Op 02462)





Roldan v New York City Hous. Auth.


2019 NY Slip Op 02462


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Sweeny, J.P., Manzanet-Daniels, Kern, Singh, JJ.


8857 159722/13

[*1]Jose Roldan, Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Appellant, Shawn Lawrence, Defendant.
New York City Housing Authority, Third-Party Plaintiff-Appellant,
v
Shawn Lawrence, Third-Party Defendant.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
Heller, Horowitz & Feit, P.C., New York (Stuart A. Blander of counsel), for respondent.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered February 26, 2018, which denied the motion of defendant New York City Housing Authority (NYCHA) for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Dismissal of the complaint as against NYCHA is warranted in this action where plaintiff alleges that he was injured when, while visiting his wife in NYCHA's building, he was shot by defendant Lawrence, who was able to enter the building because of a broken lock on the building's front door. The record establishes that NYCHA lacked notice of a broken lock inasmuch as NYCHA submitted evidence showing that although the front door lock had been repaired a number of times in the months leading up to the incident, NYCHA's supervisor of caretakers testified that the lock was working on the morning of the incident, and for almost a full week beforehand (see Ramirez v BB & BB Mgt. Corp., 115 AD3d 555 [1st Dept 2014]).
The evidence also fails to show that the alleged assailant was an unauthorized intruder, rather than an invited guest (see Hierro v New York City Hous. Auth., 123 AD3d 508 [1st Dept 2014]; Rivera v New York City Hous. Auth., 239 AD2d 114 [1st Dept 1997]). The alleged assailant testified that he lived across from the subject building, that he had numerous family members and friends who lived in the building, and that he was a frequent visitor of the building. Furthermore, plaintiff admitted that he was the victim of a targeted attack by the alleged assailant, which severed the causal nexus between NYCHA's alleged negligence
and plaintiff's injuries (see Buckeridge v Broadie, 5 AD3d 298, 300-301 [1st Dept 2004]; Cerda v 2962 Decatur Ave. Owners Corp., 306 AD2d 169 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK