Musano v City of New York (2020 NY Slip Op 02368)





Musano v City of New York


2020 NY Slip Op 02368


Decided on April 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2020

Acosta, P.J., Richter, Manzanet-Daniels, Gische, Kapnick, JJ.


11406 452429/14

[*1]Kathryn Musano, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents, James Sacco, Defendant.


Martin + Colin, P.C., White Plains (William Martin of counsel), for appellant.
Hardin Kundla McKeon & Poletto P.A., New York (Eric Koplowitz of counsel), for respondents.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered January 29, 2019, which, insofar as appealed from, granted defendants-respondents' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff, a social worker, was menaced with a knife by a tenant, while on the job at a facility owned and operated by defendant nonprofit entities, and funded by the City defendants, to provide housing and services to individuals suffering from mental illness and/or chronic homelessness.
The court correctly concluded that the City defendants were acting in a governmental capacity when they provided funding for the facility and its services. A party seeking to impose liability on a municipality acting in a governmental capacity must establish the existence of a special duty to plaintiff, which is more than the duty owed to the public generally (see Applewhite v Accuhealth, Inc., 21 NY3d 420, 425-426 [2013]). Here, plaintiff presented no evidence that would provide a basis for finding that a special duty was owed to her by the City defendants.
Regarding defendants owner and managing agent of the premises, a landowner must act as a reasonable person in maintaining the property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury and the burden of avoiding the risk (see Basso v Miller, 40 NY2d 233, 241 [1976]). The owner and managing agent demonstrated that the incident was not reasonably foreseeable in that the tenant was a resident in the facility for nine years and had no record of violent behavior or threats of violence to others (see Waldon v Little Flower Children's Serv., 1 NY3d 612 [2004]). Plaintiff asserts that the tenant was an unsuitable tenant for the facility because of his mental illness and prior criminal conduct. However, the tenant's criminal conduct took place 15 years before the incident.
Plaintiff argues that the facility lacked adequate security given its "high risk" population. However, surveillance cameras controlling building access and functioning locks on office doors, which were present here, have been found to be sufficient to satisfy the "minimal precautions" standard (Jacqueline S. v City of New York, 81 NY2d 288, 293-294 [1993]; see Estate of Faughey v New 56-79 IG Assoc., L.P., 149 AD3d 418 [1st Dept 2017]). Furthermore, since the [*2]incident was over in less than a minute and security personnel were alerted and responded, additional security could not have prevented the incident (see Waldon at 613-614).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2020
CLERK