Gonzalez v Georgetown Plaza (2022 NY Slip Op 06551)

Gonzalez v Georgetown Plaza

2022 NY Slip Op 06551

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Kapnick, J.P., Webber, Friedman, Gesmer, Singh, JJ. 

Index No. 155065/18 Appeal No. 16693 Case No. 2022-00665 

[*1]Maria Cristina Gonzalez et al., Plaintiffs-Appellants,
v
Georgetown Plaza et al., Defendants-Respondents.

Vernon & Ginsburg, LLP, New York (Yoram Silagy of counsel), for appellants.
Mauro Lilling Naparty LLP, Woodbury (Jamie Greenwood of counsel), for Georgetown Plaza, Rose Terra Management and Rose Associates, respondents.
Devitt Spellman Barrett, LLP, Smithtown (Christi M. Kunzig of counsel), for Sathya Matheswaran and Durairaj Matheswaran, respondents.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about July 19, 2021, which granted defendants' motions for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The court correctly concluded that the record established as a matter of law that defendants Sathya Matheswaran and Durairaj Matheswaran (landlord defendants) satisfied their duty to take minimal precautions to protect tenant plaintiffs from the burglary of their apartment (see Burgos v Aqueduct Realty Corp., 92 NY2d 544, 548 [1998]; Astupina v West Farms Sq. Hous. Dev. Fund Corp., 195 AD3d 461, 462 [1st Dept 2021). It is undisputed that landlord defendants installed a cylinder deadbolt lock on the front door of the apartment, in addition to the locks already installed by the building, and that they provided a key to the lock only to plaintiffs. Because landlord defendants had no knowledge of the two prior burglaries in the building, they had no duty to provide additional security measures (see George v 855 Ocean Ave., LLC, 165 AD3d 1060, 1062 [2d Dept 2018]).
Similarly, the record established that defendants Georgetown Plaza, Rose Terra Management, and Rose Associates (building defendants) satisfied their duty of taking minimal precautions to protect against the burglary (see Burgos, 92 NY2d at 548; Astupina, 195 AD3d at 462). In addition to the locks to the apartment door, they also provided extensive building security measures, including a 24-hour manned security desk, over 20 security cameras throughout the common areas, a key tracking system, and a door alarm notification system, which notifies the front desk when an apartment door is opened. Plaintiffs contend that they were unaware of the door alarm notification system, and that building defendants should have notified them of the system, especially given that two similar burglaries had previously occurred in the building. However, the resident manager testified that residents were made aware of the door alarm notification system through newsletters and the Building Link resident portal. In any event, even if plaintiffs were unaware of the system, the two prior burglaries, which occurred in 2012 and 2015, did not render the present burglary, which occurred in 2017, foreseeable so as to impose a duty on the building defendants to provide further security measures (see Gross v Empire State Bldg. Assoc., 4 AD3d 45, 47 [1st Dept 2004], lv denied 3 NY3d 605 [2004]; Leyva v Riverbay Corp., 206 AD2d 150, 154 [1st Dept 1994]).
The record also established that any failure of building defendants to notify plaintiff of the door alarm notification system or to provide adequate security was not a proximate cause of the burglary (see Burgos, 92 NY2d at 548; Astupina, 195 AD3d at 462). Building defendants submitted a report of its expert concluding that the building security measures were adequate and that nothing building defendants "did, or failed to do, led or contributed to the burglary[*2]." Plaintiffs did not submit any proof in opposition to raise a triable issue of fact. Furthermore, if, as plaintiffs contend, the burglary was an "inside job," any reasonable security measures would not have deterred the criminal participants (see Cerda v 2962 Decatur Ave. Owners Corp., 306 AD2d 169, 169-170 [1st Dept 2003]; Rivera v New York City Hous. Auth., 239 AD2d 114, 115 [1st Dept 1997]). Rather, as the motion court found, the record established that the sole proximate cause of the burglary was plaintiffs' failure to use the deadbolt lock provided by landlord defendants.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022